UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| FRANK QUINCE #8039, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 2:23-cv-00062 |
| TIM CLAFLIN, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Frank Quince, a pretrial detainee[1] in the custody of the Cumberland County Jail in Crossville, Tennessee, has filed a pro se, in forma pauperis complaint under 42 U.S.C. § 1983. He initially brought this action against Tim Claflin, Cumberland County Jail Captain; Mike Hassler, Cumberland County Jail Lieutenant; Casey Cox, Sheriff; and Amanda l/n/u, Charge Nurse Practitioner, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1). Plaintiff then filed an Amended Complaint (Doc. No. 5), in which he abandoned his claims against Cox and Amanda l/n/u. Plaintiff also filed a Motion to Appoint Counsel (Doc. No. 7).

This action is before the Court for an initial review of the complaint as amended[2] pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

---

[1] In the original complaint, Plaintiff indicated that he is a pretrial detainee (Doc. No. 1 at 4), even though Plaintiff does not provide his status in his Amended Complaint.

[2] Approximately two weeks after filing his complaint, Plaintiff filed an Amended Complaint. (Doc. No. 5). Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a party to amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Here, the complaint has not yet been served on any Defendant. Thus, the Amended Complaint is appropriately considered.

1

# I. SCREENING OF THE AMENDED COMPLAINT

A. <u>PLRA SCREENING STANDARD</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," <u>id.</u> § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). <u>Id.</u> § 1915A(b).

The court must construe a pro se complaint liberally, <u>United States v. Smotherman</u>, 838 F.3d 736, 739 (6th Cir. 2016) (citing <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. <u>See</u> <u>Thomas v. Eby</u>, 481 F.3d 434, 437 (6th Cir. 2007) (citing <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Jourdan v. Jabe</u>, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." <u>McDonald v. Hall</u>, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. <u>SECTION 1983 STANDARD</u>

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that

2

the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. FACTS ALLEGED BY PLAINTIFF

Plaintiff is currently in the custody of the Cumberland County Jail. Because of "his religion," he maintains a vegan diet. (Doc. No. 5 at 1). From July 27, 2023—when Plaintiff was booked into the jail—until October 7, 2023, Plaintiff's request for a vegan diet was not honored. (See id.) ("I am on a vegan diet witch [sic] at first they did not honor . . . .").

Beginning on October 7, 2023, Plaintiff was served vegan meals, but the meals lacked an appropriate amount of food and calories to sustain health. For example, a meal tray for Plaintiff might consist of "one little scoop of beans, some lettus [sic], and a slice of white bread." (Id.) Plaintiff believes he was being punished for requesting the vegan meals. He became so hungry that he asked to be taken off the vegan diet.

On October 26, 2023, Captain Claflin "took [Plaintiff] off his vegetarian meal diet" which resulted in Plaintiff being served pork. (Id.) Pork causes Plaintiff's blood pressure to "go[] through the roof." (Id.)

In addition, Plaintiff has low blood sugar, and he has not received any medical treatment for this condition, including no testing on a regular basis for appropriate monitoring of blood sugar levels. (Id. at 2).

D. ANALYSIS

Plaintiff brings claims under Section 1983 against Tim Claflin, Cumberland County Jail Captain, and Mike Hassler, Cumberland County Jail Lieutenant.

1. First Amendment free exercise claims

Plaintiff alleges denial of freedom to exercise his religion because he has not been consistently provided a vegetarian or vegan diet, which his religion requires.

"The Free Exercise Clause of the First Amendment, applicable to the States under the Fourteenth Amendment, provides that 'Congress shall make no law . . . prohibiting the free exercise' of religion." Fulton v. City of Philadelphia, Penn., __ U.S. __, 141 S. Ct. 1868, 1876 (2021). It is settled that prisoners have a First Amendment right to practice their religious beliefs, Hudson v. Palmer, 468 U.S. 517, 523 (1984), and prisoners must be provided "reasonable opportunities" to do so. Id. Nevertheless, an inmate's First Amendment right to exercise his religious beliefs may be subjected to reasonable restrictions and limitations reasonably related to legitimate penological interests. See Bell v. Wolfish, 441 U.S. 520, 549-51 (1979) (holding that limited restriction against receipt of hardback books under certain circumstances was a rational response to a security problem and did not violate First Amendment rights of inmates); Pollock v. Marshall, 845 F.2d 656, 658-60 (6th Cir. 1988) (holding that plaintiff who challenged regulation limiting length of prisoners' hair failed to establish a constitutional violation, as he did not demonstrate he was prevented from practicing his religion in ways other than being required to comply with the hair length regulation).

Consistent with the right to free exercise of religion, prisoners are entitled to "meals that meet their nutritional needs" and "do not violate their sincerely-held religious beliefs." Robinson v. Jackson, 615 F. App'x 310, 314 (6th Cir. 2015) (citing Colvin v. Caruso, 605 F.3d 282, 290 (6th Cir. 2010)). "But there is no constitutional right for each prisoner to be served the specific foods he desires . . . in prison." Id. (citing Spies v. Voiovich, 173 F.3d 398, 406-07 (6th Cir. 1999) (holding that providing a Buddhist prisoner with a vegetarian diet but not a vegan diet was

4

constitutionally permissible, and "the fact that Plaintiffs dislike the alternate diet available does not render it unreasonable or legally deficient.")).

To establish a free exercise First Amendment claim, Plaintiff must show that: (1) the belief or practice he seeks to protect is religious in his own "scheme of things," (2) his belief is sincerely held, and (3) the defendant's behavior infringes upon this practice or belief." Kent v. Johnson, 821 F.2d 1220, 1224-25 (6th Cir. 1987).

Here, the amended complaint alleges that Plaintiff's unspecified religion requires a vegan or vegetarian diet. At this stage, the Court must accept this allegation as true. Further, the Court will assume for purposes of the required PLRA screening that Plaintiff's religious belief is sincere. See id. (quoting Shabazz v. Barnauskas, 598 F.2d 345, 347 (5th Cir. 1979)) ("In assessing the sufficiency of plaintiff's complaint for purposes of defendants' Rule 12(b)(6) motion, the magistrate and district court should have assumed the truth of the factual allegations and therefore assumed that plaintiff had a sincerely held religious belief that was infringed by the defendants' practices. In our opinion, plaintiff's religion claim is not so 'facially idiosyncratic' as to justify dismissal on the pleadings.").

While the amended complaint alleges that Captain Claflin took Plaintiff off a vegetarian diet, it does not explain in the same manner in what way Hassler was involved in any decisions relating to Plaintiff's diet. However, the pro se Plaintiff's use of "they" when alleging that "they" did not honor his requests for a vegan diet could be reasonably construed to include both Claflin and Hassler as Plaintiff only names two Defendants to this action. Thus, for purposes of the required PLRA screening, the Court finds that these allegations state non-frivolous First Amendment claims under Section 1983 against Captain Tim Claflin and Lieutenant Mike Hassler in their individual capacities. These claims shall proceed for further development.

2. Eighth Amendment claims

The amended complaint also alleges that Plaintiff has not been provided with medical treatment, including regular monitoring, for his low blood sugar while detained at the Cumberland County Jail. It further alleges that the vegan meals served to Plaintiff were nutritionally and calorically deficient.

It is well-settled that "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." Pfeiffer v. Butler Cty. Sheriff Dep't, No. 1:10CV672, 2012 WL 1203557, at *8 (S.D. Ohio Apr. 10, 2012) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). The Eighth Amendment protects prison inmates from "cruel and unusual punishments," which includes "extreme deprivations" that deny "the minimal civilized measure of life's necessities." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

However, as noted earlier, Plaintiff is a pretrial detainee, not a convicted prisoner. The distinction matters. "[T]he Eighth Amendment does not apply to pretrial detainees." Greene v. Crawford Cty., Mich., 22 F.4th 593, 605 (6th Cir. 2022) (citing Graham ex rel. Est. of Graham v. Cty. of Washtenaw, 358 F.3d 377, 382 n.3 (6th Cir. 2004)). State pretrial detainees are instead protected by the Due Process Clause of the Fourteenth Amendment. Greene, 22 F.4th at 605; Spencer v. Bouchard, 449 F.3d 721, 727 (6th Cir. 2006), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 n.9 (2007). The Due Process Clause "provides similar if not greater protections than the Cruel and Unusual Punishments Clause" of the Eighth Amendment. Spencer, 449 F.3d at 727 (citing Cty. of Sacramento v. Lewis, 523 U.S. 833, 849-50 (1998) and Bell v. Wolfish, 441 U.S. 520, 545 (1979)). To state a claim under either Fourteenth Amendment in this context, a plaintiff must allege (among other things) that an objectively "sufficiently serious" deprivation has

occurred, "resulting in a denial of the 'minimal civilized measure of life's necessities.'" Francis v. Altiere, 491 F. App'x 539, 541 (6th Cir. 2012) (quoting Farmer, 511 U.S. at 834); Spencer, 449 F.3d at 728.

Plaintiff's allegations concerning his meal service[3] and lack of medical care[4] are concerning, and they may state colorable claims under the Fourteenth Amendment. Yet Plaintiff has not attributed the concerning behavior to either named Defendant. Accordingly, these claims are subject to dismissal at this time. However, taking into account Plaintiff's pro se status, the Court will permit Plaintiff to amend his complaint, if he so desires, for the purpose of naming the individual(s) or entity(ies) responsible for Plaintiff's lack of medical care and diet.

## II. MOTION FOR APPOINTMENT OF COUNSEL

Next, Plaintiff has filed a Motion to Appoint Counsel. (Doc. No. 7).

An indigent plaintiff in a civil action, unlike a defendant in a criminal action, has no constitutional right to the appointment of counsel; rather, the appointment of counsel in such cases is a privilege "justified only in exceptional circumstances." Miles v. Michigan Dep't of Corr., No. 19-2218, 2020 WL 6121438, at *4 (6th Cir. Aug. 20, 2020) (citing Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003); Lavado v. Keohane, 992 F.2d 601, 606-07 (6th Cir. 1993)).

---

[3] Inmates must be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" Butler v. Jewell, 869 F.2d 1488 (6th Cir. 1989) (quoting Green v. Ferrell, 801 F.2d 765, 770 n.5 (5th Cir. 1986)). The Sixth Circuit has previously observed in the related Eighth Amendment context that "the withholding of meals, while it may result in some discomfort to the prisoner" does not amount to a constitutional violation when "the prisoner continues to receive adequate nutrition." Richmond v. Settles, 450 F. App'x 448, 456 (6th Cir. 2011) (citing Cunningham v. Jones, 667 F.2d 565, 566 (6th Cir. 1982)).

[4] To prove a deliberate indifference to serious medical needs claim under the Fourteenth Amendment, "'[a] pretrial detainee must prove more than negligence but less than subjective intent—something akin to reckless disregard.'" Brawner v. Scott Cnty., Tenn., 14 F.4th 585, 597 (6th Cir. 2021) (quoting Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). He or she must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." Id. (citation and quotation marks omitted).

7

Plaintiff provides no basis for the appointment of counsel. Thus, the Court finds that he is not entitled to the appointment of counsel at this time. The motion will be denied without prejudice.

### III. CONCLUSION

Having screened the amended complaint pursuant to the PRLA, the Court finds that Plaintiff's allegations state colorable First Amendment claims under Section 1983 against Captain Tim Claflin and Lieutenant Mike Hassler in their individual capacities.

The Court will permit Plaintiff to amend his complaint, if he so desires, for the purpose of naming the individual(s) or entity(ies) responsible for Plaintiff's lack of medical care and diet. Any such amendment must be filed no later than 30 days after the date this Memorandum Opinion and accompanying Order was entered.

If Plaintiff submits a timely amended complaint, the Court will screen the amended complaint pursuant to the PLRA upon receipt. If Plaintiff fails to file an amended complaint after 30 days, this case will be referred to the Magistrate Judge as the Court has found at least one colorable claim.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

8

Case 2:23-cv-00062   Document 8   Filed 12/12/23   Page 8 of 8 PageID #: 42