UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| FRANK QUINCE,<br><br>　　Plaintiff,<br><br>v.<br><br>TIM CLAFLIN et al.,<br><br>　　Defendants. | Case No. 2:23-cv-00062<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:　　The Honorable Waverly D. Crenshaw, Jr., District Judge

## REPORT AND RECOMMENDATION

On November 21, 2024, the Court ordered pro se and *in forma pauperis* Plaintiff Frank Quince to show cause by December 12, 2024, why the Magistrate Judge should not recommend that this civil rights action brought under 42 U.S.C. § 1983 be dismissed under Federal Rule of Civil Procedure 41(b) for Quince's failure to comply with the Court's orders and prosecute his claims, including Quince's failure to keep the Court apprised of his mailing address. (Doc. No. 26.) Quince has not responded to the Court's show-cause order.

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Quince's complaint without prejudice under Rule 41(b) and Local Rule 41.01(b), and find moot Defendants Cumberland County Sheriff's Office Captain Tim Claflin and Lieutenant Mike Hassler's motion for sanctions (Doc. No. 23) and motion for leave to depose Quince (Doc. No. 22).

**I.　　Relevant Background**

Quince initiated this action on October 16, 2023, while detained at the Cumberland County Jail (CCJ) by filing a complaint under § 1983 against Claflin, Hassler, Cumberland County Sheriff Casey Cox, and Nurse Practitioner Amanda l/n/u, for violations of his civil and

constitutional rights.[1] (Doc. No. 1.) While still detained at CCJ, Quince filed an amended complaint naming only Claflin and Hassler as defendants. (Doc. No. 5.) Quince also filed a motion to appoint counsel. (Doc. No. 7.)

Quince's amended complaint alleges that he maintains a vegan diet for religious reasons and that, from the time Quince was booked into CCJ on July 27, 2023, until October 7, 2023, his request for a vegan diet was not honored. (Doc. No. 5.) Quince alleges that he was served vegan meals beginning on October 7, 2023, but the meals contained insufficient calories to sustain his health because the meals consisted of, for example, "one little scoop of beans[,] some lettu[ce,] and a slice of white bread." (*Id.* at PageID# 24.) Quince alleges that he was being punished for requesting vegan meals and that he asked to be taken off the vegan diet because of hunger. (Doc. No. 5.) Quince alleges that, on October 26, 2023, "Claflin took [Quince] off [his] veg[e]tar[ ]ian meal diet" which resulted in Quince being served pork, which causes his blood pressure to "go[ ] through the roof." (*Id.* at PageID# 25.) Quince also alleges that he suffers from "low blood sug[a]r" and has not received any medical treatment for his condition while in custody, including no regular testing or monitoring of his blood sugar levels. (*Id.*)

On December 12, 2023, the Court granted Quince's application to proceed *in forma pauperis* (IFP) and screened Quince's amended complaint under the IFP statute, 28 U.S.C. § 1915(e)(2)(B), and the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A. (Doc. Nos. 8, 9.) The Court found that Quince had "abandoned his claims against Cox and Amanda l/n/u" by

---

[1] Under the "prison mailbox rule[,] . . . a pro se prisoner's [pleading] is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002)). Courts applying the prison mailbox rule assume, "absent contrary evidence," that an incarcerated person handed over a pleading to prison authorities "on the date he or she signed [it]." *Id.* Quince signed his complaint on October 16, 2023. (Doc. No. 1.) All references herein to Quince's filings use the dates on which Quince signed his filings.

choosing not to name them as defendants in his amended complaint but had stated colorable First Amendment free exercise of religion claims against Claflin and Hassler in their individual capacities. (Doc. No. 8, PageID# 35.) The Court further found that, while Quince's "allegations concerning his meal service and lack of medical care are concerning, and they may state colorable claims under the Fourteenth Amendment[,]" "these claims are subject to dismissal at this time" because Quince "ha[d] not attributed the concerning behavior to either named Defendant . . . ." (*Id.* at PageID# 41 (footnotes omitted).) However, in light of Quince's pro se status, the Court informed Quince that it would "permit [him] to amend his complaint, if he so desires, for the purpose of naming the individual(s) or entity(ies) responsible for [Quince's] lack of medical care and diet." (*Id.*) The Court gave Quince thirty days to file an amended complaint. (Doc. Nos. 8, 9.)

On February 28, 2024, the Court found that Quince had "not submitted an amended complaint" within the time provided and had not "requested an extension of time to comply with the Court's instructions." (Doc. No. 10, PageID# 46.) The Court therefore dismissed Quince's claims based on his alleged lack of medical care and insufficient meal service, but allowed his First Amendment claims against Claflin and Hassler in their individual capacities to proceed for further development. (Doc. No. 10.)

The Court instructed the Clerk of Court to send Quince service packets for Claflin and Hassler, consisting of blank summonses and USM 285 forms, and ordered Quince to complete and return service packets for the defendants by March 29, 2024. (*Id.*) The Court referred this action to the Magistrate Judge to enter a scheduling order for case management and to dispose or recommend disposition of any pre-trial motions. (*Id.*) The Court warned Quince "that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address." (*Id.* at PageID# 47.)

Quince eventually returned completed service packets, and the Clerk of Court issued summonses for Claflin and Hassler. (Doc. No. 16.) Because Quince appears IFP, the U.S. Marshals Service effected service of process on Claflin and Hassler as provided by Federal Rule of Civil Procedure 4(c)(3). (Doc. No. 18.) Claflin and Hassler appeared (Doc. No. 17) and filed an answer to Quince's amended complaint (Doc. No. 19). The Magistrate Judge entered a scheduling order setting deadlines for filing motions to amend the pleadings, engaging in discovery, and filing dispositive motions. (Doc. No. 20.) The scheduling order also instructed that "[e]ach party must keep the Court and all other parties informed of a current mailing address" and warned that "failure to keep the Court informed of a current address may result in a recommendation that the action be dismissed for failure to prosecute or for failure to comply with this Scheduling Order." (*Id.* at PageID# 82.)

On October 16, 2024, Claflin and Hassler filed a motion for leave to take Quince's deposition while he was still incarcerated at CCJ. (Doc. No. 22.) On November 1, 2024, Claflin and Hassler filed a motion for sanctions against Quince for failing to comply with the Court's orders to keep the Court and the defendants apprised of his current mailing address. (Doc. No. 23.) Claflin and Hassler attached a declaration by their counsel stating that "[a] copy of the defendants' motion to depose was mailed to [ ] Quince at [CCJ] on October 16, 2024[,]" but counsel's "office received the mailing returned with a [return to sender] notation o[n] the envelope . . . ." (Doc. No. 24, PageID# 93, ¶ 2.) Counsel states that she "contacted . . . Claflin and was told that [ ] Quince was released from custody by the jail on October 9, 2024[,]" but "[t]he jail has no additional location for [ ] Quince as he is listed as homeless." (*Id.*) On November 14, 2024, Claflin and Hassler filed a notice informing the Court that the service copy of their motion for sanctions

sent to Quince at CCJ was also returned as undeliverable. (Doc. No. 25.) Quince did not respond in opposition to Claflin and Hassler's motion for sanctions.

On November 21, 2024, the Court ordered Quince to show cause by December 12, 2024, why the Magistrate Judge should not recommend that the Court dismiss this action under Rule 41(b) for Quince's failure to prosecute his claims or for the reasons addressed in Claflin and Hassler's motion for sanctions. (Doc. No. 26.) The Court warned Quince that the Magistrate Judge "may recommend that his case be dismissed if he does not file a response to this Order by December 12, 2024, including a corrected mailing address." (*Id.* at PageID# 105.) The copy of the order to show cause that the Court mailed to Quince's address of record at CCJ was returned as undeliverable. (Doc. No. 27.) The docket reflects that Quince has not responded to the Court's show-cause order and has not updated his mailing address or taken any other actions in this litigation.

## II.  Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting

5

Case 2:23-cv-00062   Document 28   Filed 03/11/25   Page 5 of 11 PageID #: 111

*Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

This Court's Local Rules provide that a pro se party "must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information," and explain that a pro se party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b) (dismissal for failure of *pro se* plaintiff to keep court apprised of current address). The Local Rules

further provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay). Where, as here, noncompliance with local rules is a ground for dismissal, "the behavior of the noncomplying party [must] rise[ ] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Quince.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). Quince initiated this action and diligently pursued his claims between October 2023 and May 2024. (Doc. Nos. 1, 2, 5–7, 11, 14, 16.) There is no indication that bad faith motivated Quince's failure to keep the Court apprised of his mailing address, failure to respond to Claflin and Hassler's motion for sanctions, and failure to respond to the Court's show-cause order. But Quince's failure to comply with the Court's orders nonetheless reflects "willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see id.* (explaining that "[a] party's failure to respond in the face of a warning by the court that such failure could result in dismissal of a complaint tips the scale in favor of dismissal on the first factor"). CCJ's records suggest that

Quince is experiencing homelessness, but Quince's "transient living situation does not absolve him of his responsibility in the action he initiated." *Fathera v. Rudd Med. Servs.*, Case No. 3:23-cv-00176, 2023 WL 7178010, at *3 (M.D. Tenn. Oct. 12, 2023); *see also Williams v. Blanchard*, Civ. No. 3:12-0932, 2014 WL 3672105, *1–2 (M.D. Tenn. July 23, 2014) (dismissing action for failure to prosecute where plaintiff "alternated between being incarcerated . . . and being homeless without a permanent address" because plaintiff's whereabouts were unknown and "[i]t is not the Court's duty to search out and locate the plaintiff"); *Clayborn v. Lee*, Case No. 3:22-cv-00458, 2022 WL 17420375, at *1 (M.D. Tenn. Dec. 5, 2022) (recommending Rule 41(b) dismissal even where defendants' filings mailed to plaintiff at "a shelter for people experiencing homeless[ ] were returned as undeliverable"), *report and recommendation adopted*, 2023 WL 116344 (M.D. Tenn. Jan. 5, 2023). The first factor therefore weighs in favor of dismissal.

**B.     Prejudice**

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of

dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Claflin and Hassler answered the amended complaint (Doc. No. 19), filed a motion for leave to depose Quince while he was incarcerated (Doc. No. 22), and filed a motion for sanctions asking the Court to dismiss this action for Quince's failure to keep the defendants and the Court apprised of his mailing address (Doc. No. 23). These steps are typical of the early stages of litigation and were not necessitated by Quince's delay. *See Schafer*, 529 F.3d at 739. This factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court twice warned Quince that failure to keep the Court informed of his mailing address would jeopardize his claims. (Doc. Nos. 10, 20.) And the Court's show-cause order explicitly warned Quince that failure to respond to it would likely lead to a recommendation that his claims be dismissed. (Doc. No. 26.) This factor weighs in favor of dismissal. *Schafer*, 529 F.3d at 740; *see also Fathera*, 2023 WL 7178010, at *4 (finding prior notice factor weighed in favor of dismissal where plaintiff was warned that "failure to keep the Court informed of his current mailing address could lead to the dismissal of his case" and "that failure to respond to [show-cause order] would likely lead to a recommendation that his claims be dismissed for failure to prosecute").

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here even though the defendants have filed a motion for dismissal as a sanction. *Cf. Howe v. Worley*,

9
Case 2:23-cv-00062    Document 28    Filed 03/11/25    Page 9 of 11 PageID #: 115

Case No. 2:21-cv-00006, 2022 WL 1164918, at *3 (M.D. Tenn. Mar. 7, 2022) (recommending dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and finding moot defendant's motion to dismiss), *report and recommendation adopted*, 2022 WL 1164018 (M.D. Tenn. Apr. 19, 2022) (Crenshaw, C.J.); *Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *1 (E.D. Mich. Nov. 24, 2014) (dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and denying defendants' motion to dismiss as moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV.     Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) for Quince's failure to prosecute his claims and that Claflin and Hassler's motion for leave to depose Quince (Doc. No. 22) and motion for sanctions (Doc. No. 23) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 11th day of March, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge